IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 07 2024

JEFFREY P. COLWELL
CLERK

Civil Action No. 1:23-CV-02555-SBP
(To be supplied by the court)

Terance DeJuan Wilson, Plaintiff

v.

Colorado Dept. Of Corrections,

Captain Rollo, BVCF,

Lt. Johnson, Intel, CDOC,

Lt. Hagans, ▓▓▓ Intel, CDOC, Defendant(s).

Jury Trial requested:
(please check one)
X Yes ___ No

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

"See Attached"

(amended)
**PRISONER COMPLAINT**

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

[1] Colorado Dept. of Corrections,
[2] Captain Rollo, BVCF,
[3] Lt. Johnson, Intel, CDOC,
[4] Lt. Hagans, Intel, CDOC,
[5] Executive Director, Dean Williams,
[6] Lt. White, Intel, CDOC,
[7] Warden, BVCF, (unknown name),
[8] Lt. Duncan, Intel, BVCF,
[9] Cpt. Duncan, Intel, BVCF,
[10] Lt. Noland, BVCF,
[11] Lt. Tucker, BVCF,
[12] C.O Ayers,
[13] C.O. Goines,
[14] C.O. Suggs,
[15] Clinician Dr. Soule,
[16] Hearings Lt. (unknown name).

A.   **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Terance DeJuan Wilson #1176781   C.C.f.   P.o. box 600, Cañon City, CO 81215
(Name, prisoner identification number, and complete mailing address)

_____
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____ Pretrial detainee
____ Civilly committed detainee
____ Immigration detainee
_X_  Convicted and sentenced state prisoner
____ Convicted and sentenced federal prisoner
____ Other: (*Please explain*) _____

B.   **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   Colorado Dept. of Corrections   P.o. box 2017 Cañon City, CO 81211
(Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _✓_ Yes ___ No (*check one*). Briefly explain:

CDOC was responsible for hired employees who lacked training, Supervision, etc.

Defendant 1 is being sued in his/her _✓_ individual and/or _✓_ official capacity.

2

Defendant 2: _Rollo, Captain, P.o box 2017 Canon City, Co 81211_
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

_He was employed by the CDOC._

Defendant 2 is being sued in his/her ✓ individual and/or ___ official capacity.

Defendant 3: _Lt. Johnson, Intel, P.o box 2017 Canon City, Co 81211_
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

_He was employed by the CDOC._

Defendant 3 is being sued in his/her ✓ individual and/or ✓ official capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

✓ State/Local Official (42 U.S.C. § 1983)

___ Federal Official

As to the federal official, are you seeking:

___ Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)

✓ Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 2201

___ Other: (*please identify*) _____

3

*Continued "B. Defendants information.*

Defendant 4: Lt. Hagans, Intel, P.O. box 2017, Cañon City CO 81211. At all times relevant to Complaint he was acting under Color of State law. He was employed by the CDOC. He is being Sued in his individual Capacity.

Defendant 5: Executive Director Dean Williams, P.O. box 2017, Canon City Co 81211. At all times relevant to Complaint he was acting under Color of State law/federal law. He was employed by the CDOC. He is being Sued in his individual, and official Capacities.

Defendant 6: Lt. White, Intel, P.O. box 2017 Buena Vista, CO 81211. At all times relevant to Complaint he was acting under Color of State or federal law. He was employed by the CDOC. He is being Sued in his individual Capacity.

Defendant 7: Warden, BVCF, P.O. box 2017, Buena Vista, Co 81211. At all times relevant to Complaint he was acting under Color of State or federal law. He was employed by the CDOC. He is being Sued in his individual Capacity.

Defendant 8: Lt. Duncan, BVCF, P.O. box 2017, Buena Vista, CO 81211. At all times relevant to Complaint he was acting under Color of State or federal law. He was employed by the CDOC. He is being Sued in his individual Capacity.

Defendant 9: Captain Duncan, BVCF, P.O. box 2017, Buena Vista Co 81211. At all times relevant to Complaint, he was acting under Color of State or federal law. He was employed by the CDOC. He is being Sued in his individual Capacity.

Defendant 10: Lt. Noland, BVCF. P.O. box 2017, Buena Vista, Co 81211. At all times relevant to Complaint, he was acting under Color of State or federal law. He was employed by the CDOC. He is being Sued in his individual Capacity.

Defendant 11: Lt. Tucker, BVCF. P.O. box 2017, Buena Vista, Co 81211. At all times relevant to Complaint, he was acting under Color of State or federal law. He was employed by the CDOC. He is being Sued in his individual Capacity.

Defendant 12: C.O. Ayers, BVCF, P.O. box 2017, Buena Vista, CO 81211. At all times relevant to Complaint, she was acting under Color of State or federal law. She is employed by the CDOC, and being Sued in her individual Capacity.

Defendant 13: CO Goines, BVCF, P.O. box 2017, Buena Vista, CO 81211. At all times relevant to Complaint She was acting under Color of State or fed law. She was employed by the CDOC. She is being Sued in her individual Capacity.

Defendant 14: CO Suggs, BVCF, P.O. box 2017, Buena Vista, Co 81211. At all times relevant to Complaint, He was acting under Color of State or federal law. He was employed by the CDOC. He is being Sued in his individual Capacity.

Defendant 15: Dr. Soule, Clinician, BVCF, P.O. box 2017, Buena Vista, CO 81211. At all times relevant to Complaint she was acting under Color of State or federal law. She was employed by CDOC. She is being Sued in her individual Capacity

B. Defendants Continued

Defendant 16: Hearings Lt. (unknown name), PO box 2017, Buena Vista, Co 81211. At all times relevant to complaint he was acting under Color of State or federal law. He was employed by CDOC. He is being sued in his individual and official capacities.

D.  **STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: 42 U.S.C. § 1983 - 8th Amend. Deliberate Indifference / failure to protect.

Claim one is asserted against these Defendant(s):

Supporting facts:

A prison official acts with "deliberate Indifference," as an element of a Conditions of Confinement Civil rights Claim under the 8th amendment, when he knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Redmond V. Crowther, 882 F.3d 927, 936 (10th Cir. 2018).

Introduction and background / Nature of Claims.

When plaintiff was sent to BVCF Unit 6-F, out of necessity to be housed in protective Custody, it was in haste and without due-process. Intel. defendants Duncan, Duncan, White, Johnson, Hagan each had prior knowledge of an inmate named Waymon Harrington who had vowed to each of them and others on record that he would kill and set-up plaintiff, and had previously moved Harrington from plaintiff's presence due to Harrington turning in excessive threat kites, and lied to Duncans' (both), Hagan, Johnson, White; respectively at CSP and BVCF in 2018-2019. Each Intel defendant made plaintiff aware, and plaintiff informed them that indeed he needed to be kept away from Harrington due to these interactions. Defendants White and Johnson over the period of 2018-2023 continued to threaten the plaintiff due to plaintiff's legal activities, and stated they would set him around his "enemies". Each Intel defendant is well aware that plaintiff is an "extremely targeted" offender, who has been jumped and attacked with weapons over 80 times by the largest prison gang and their affiliates, as an "open-green-light" due to the plaintiff being incarcerated for a fight that ended in a member of their gangs' death. Hagans has heard and is aware of Johnson and Whites threats and has participated

4

in having the plaintiff "set-up" in those pods with "enemies" who then immediately attacked the plaintiff. Hagans, Johnson, White have all for years acted to cover-up the fact that the plaintiff was targeted, despite direct knowledge. They refused to keep the plaintiff safe while he was suing them and their acts were in retaliation for the plaintiff's lawsuits, to deter him.

With this in mind, in January 2023 again Johnson returned to tell plaintiff that he would be setting him up, while plaintiff was at C.S.P. Johnson did attempt so on several occassions. Johnson has a history of this. See, an "Order Granting Injunctive relief" Civil Action No. 18-CV-03025-KLM, Snorsky V. Rich Raemish et al. Docket #104 $ 137. So plaintiff was fearful and reported it to O.I.G. and grieved it immediately. The defendants (1) knew subjectively that inmate Harrington posed a significant risk of death (2) intentionally disregarded the risk", by immediately choosing specifically to send me to B.V.C.F where I was in same unit and forced to interact with Harrington, both Duncans as well had to agree.

In Farmer V. Brennan, 511 U.S. 825 (1994), the U.S. Supreme Court held that "a prisoner official cannot be found liable under the 8th Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety."

The Protective Custody Unit at B.V.C.F. was already deemed unconstitutional for the mandates of P.C. Confinement. For one there was complete access to association with General Population which ultimately participated in plaintiffs injury, for another the most predatory inmates were running the institution; To enter into P.C. you must sign a contract that predatory activities immediately lead to expulsion. Indeed this violation of law and proscribed rule is indeed so widespread and pervasive that official tolerance and encouragement at the highest levels of prison management $ State government is the only explanation."

(1) Immediately Lt. Noland, and Captain Rollo informed me that there was a black market where I could buy my T.V. and Radio, etc. from their appointed inmate Jimmy $ they would put everything on my property list; this was a widespread practice, custom that contributed to my injury, pain $ suffering.

(2) C.O. Goines, C.O. Suggs, C.O. Ayers participated in a ring of spreading false rumors and relaying confidential information from inmates files to other inmates in violation of CDOC policy. They also did the same with C/O's Rollins and Stewart, attempting to get me to lie on Staff and assault inmates for "favors." These issues were routinely reported to Captain Rollo, Lt. Noland, Warden, Hagans, Johnson, Lt. Tucker, Duncan, Duncan and O.I.G. because on dozens of occassions inmates were being seriously injured, and abusing drugs. This contributed to my injuries.

(3) The moment I walked into the unit Waymon Harrington had 6 or 7 modified shanks and informed Intel Duncan, Duncan, Noland, Warden, Rollo that he was going to kill me. Several inmates and Staff realized Harrington's acting out and informed me. Suddenly Intel and Rollo, Noland had me approached by Security, and told me Harrington wanted a mediation. Harringtons possession of weapons and threats violated CDOC policy, these defendants were recklessly indifferent. When I complained Rollo called me a "Snitch", threatened me and Duncan and Duncan harassed me mercilessly until I let it go.

Farmer V. Brennan, 511 U.S. 825 (1994), legal standard, "Incarcerated under conditions posing a substantial risk of serious harm" and that "The official knows of and disregards an excessive risk to inmate health or safety." Then a viable 8th Amend Claim. During this time plaintiff, as well as a half-dozen Staff and other offenders made complaints repeatedly to Duncan, Duncan, Noland, Rollo, Warden, Tucker, Ayers, Dr. Soule, Goines that I had received threats of violence from Jones and Harrington and I asked to be moved.

In audience with Duncan, Duncan, Rollo, Tucker, Noland I specifically relayed that I was being targeted and requested a move to Ordway between August-June. I made a call to Intel. and O.I.G. to report that around Mid-June Harrington and Jones had produced knives and threatened to kill me. Rollo told me that "Jones & Harrington are all talk & all they do is 'Jack off' to my staff and snitch to me." However I informed All five of these defendants that Goines, Ayers, and Suggs were asking me and other offenders to assault them for favors because they were Jacking-off to staff. The defendants did nothing to protect me or staff. I wrote the Warden, So did other offenders, and C/O's.

Duncan and Duncan, Goines, and Tucker and Noland encouraged myself and B. Sandoval to take Harrington and Jones out back and beat them up and they would not do anything. Everytime the Warden, Rollo, Hearings Lt., Duncan, Duncan received complaints from staff or inmates they threw them out or dismissed them because they said Harrington was their "best rat". So they accepted him sexually acting out as long as it was against the Puerto Rican women: Torres, Agosta, Soto-Rodriguez, or Rollins. All of whom filed complaints that were ignored by Tucker, Noland, Rollo, Warden, Duncan, Duncan, Hagans, Johnson, Supervisors whom each knew of the risks of Harrington and Jones as predatory inmates and did not take steps to protect me, after they learned of a serious risk to my life. Each defendant was aware of the serious inference and their actions discriminated exclusively against the plaintiff, to keep him from progressing and to stack a case of evidence to make him seem an aggressor to interfere with his lawsuits which each defendant was apprised of. Their actions assertedly injured the reputation of plaintiff. The defendants each failed to supervise, discipline, monitor, or reprimand the predatory inmates while they had a duty to do so.

The prison, and defendants had documented history of related attacks against the plaintiff. As well, Torres, Agosta, Soto-Rodriguez, Rollins, Rojas- and several other C.O. Employees had filed complaints and grievances to hearings officer, Rollo, Noland, Duncan, Duncan, Warden, Tucker, Hagans, Johnson, all CoP Supervisors regarding sexual assaults by Jones and Harrington. Each defendant brushed off these official complaints and failed to intervene.

On or about June 20 Tucker, Goines, Ayers, Duncan and Duncan confided to Jones, Harrington and other inmates that plaintiff had made several complaints to PREA and Intel about Sex-harassment and the incident where Jones and Harrington had pulled out knives and threatened him over this and a pica involvement. The plaintiff is coboerated by accounts made by a group of Puerto Rican staff who went to the news after going viral late September and August 23".

Inmate Jones and Harrington, according to CoP protocols, Policy, mission statement should not have been in CoP or P.C. as they were actively acting as predators, and Duncan, Duncan, Noland, Tucker, Rollo, and Warden; Johnson and White failed at oversight, failed to protect, or properly remove them from P.C. each of them was a part of that Chain-of-command, and had a duty to act. Inmate Jones also had a consistent pattern of crafting weapons and threatening people in P.C. He had just been moved from Ordway to BVCF 2 months prior for doing so to Richardson, and only 3 weeks before to an inmate at BVCF CoP who informed Warden, Duncan, Duncan, Rollo, Tucker, Noland, and Hearings Lt. He should have been removed from P.C. at this point as well. C.O. Soule also informed the defendants.

When plaintiff informed Captain Rollo, and Lt. Tucker of the threats to his life

Captain Rollo Stated, "I don't have time for this shit, you guys are out of this facility soon." And Tucker became aggressive, accused the plaintiff of lying, however out of the office Tucker confirmed that he'd found, and left Steel Sizzors in Jones' Cell, and did not care, he said that the plaintiff "Had to deal with whatever happened."

On July 1st Harrington, Jones and other inmates Jumped plaintiff and Jones Stabbed plaintiff at least a dozen times in lung, head, arteries, back, neck, arm. The untrained unit staff failed to intervene or respond for well over 8 minutes, and Tucker allowed the inmates to cover up the crime scene. Jones had stated that Rollo and Goines, and Ayers had also informed him that I had soiled his plans to rape Soto that afternoon, because me and a C.O. Soule heard them speaking and taking the steps. They had disabled several unit doors and fashioned three Shanks. Therefore the defendants' malicious spreading of rumors and gossip account to their participation in the serious life-threatening attack.

See Palmigiano V. Garrahy, 443 F. Supp. 956: "Officials who engage in massive, systemic deprivations of prisoners' Constitutional rights are entitled to and can expect no deference from the federal Courts..."

## The Second Claim for Relief

42 U.S.C. §1983 - Retaliation for Protected First Amend. Activity: A first amendment retaliation claim, a plaintiff must prove (I) that his speech was protected, (II) that the defendants' alleged retaliatory action adversely affected his Const. protected speech, and (III) that a casual relationship existed between his speech and the defendants' retaliatory action.

While I was in hospital I made an official complaint regarding everything in this complaint, attributing the assault to lack of oversight, staff violence and intimidation and participation in violations at BVCF 6P, when I returned to BVCF from hospital and Infirmary, without a write up or discipline, as is rule by COPD AR# 150-01 Expungement and Restoration. I was supposed to be made whole as I did nothing wrong.

See Exhibit:

| CHAPTER | SUBJECT | AR # | Page 24 |
|---|---|---|---|
| Disciplinary Guide | Code of Penal Discipline (COPD) | 150-01 | EFFECTIVE 11/01/19 |

    5) The facility will serve a copy of the signed and stamped AR Form 150-01E, Offender Appeal Form to the offender and obtain offender signature of service in accordance with this AR, forward the original to the department file, forward a copy to the working file, and retain a copy in the hearing case file.

  g. <u>Expungement and Restoration</u>:

    1) When a conviction is reversed on an appeal, or for administrative reasons, an expungement order will be completed.

    2) When an offender is found not guilty or a conviction is reversed on an appeal, the DOC will attempt to restore the offender to the greatest extent practicable all programs, privileges, and assignments lost during any period where such were suspended or removed as a result of the charges against them. In the event that a particular program, privilege, or assignment is no longer available, the offender's case manager will obtain for the offender the first available equivalent which opens for which the offender is qualified, when feasible.

G. **IMMEDIATE ACCOUNTABILITY RESOLUTION PROCEDURES (IAR)**:

1. Immediate accountability resolutions may be utilized for all Class II rule violations. In these cases, the offender will receive verbal counseling of the rule violated by a supervisor at the level of correctional officer III, CPO, or higher followed by an electronic chronological entry documenting the counseling.

2. The offender will have the right to explain, without presence of witnesses, representation, or introduction of evidence, the facts of the case. Positive and negative behavior documented in the case manager tracking system will be considered when determining accountability. The supervisor will either dismiss the charge or impose an Immediate Accountability Resolution option using AR Form 150-01F, Offender Immediate Accountability Resolution.

3. Immediate accountability resolution procedures will be initiated immediately, by a correctional officer III, CPO, or higher who has knowledge of the incident.

    a. The reporting DOC employee, contract worker, or volunteer will document violations of the COPD in a PCDCIS incident report.

    b. After consultation with the supervisor/shift leader, the incident report narrative will specify that the matter will be addressed through immediate accountability procedures.

4. The correctional officer III, CPO, or higher will complete AR Form 150-01F, Offender Immediate Accountability Incident Resolution, documenting the offender's agreed upon immediate accountability option, which may include one of the following authorized sanctions:

    a. <u>Verbal Reprimand</u>: The offender will be counseled by the reporting employee on the rule violation and expected future behavior. The verbal reprimand will be followed by an electronic chronological entry.

    b. <u>Group Living Earned Time Deduction</u>: Deduction of up to two days of monthly group living earned time award.

    c. <u>Repayment for Damages</u>: The offender may be asked to complete a miscellaneous withdrawal ticket for the cost of the replacement/repair of the item and/or the service required accepting financial responsibility for such.

    d. <u>Confinement to Assigned Cell - Loss of Pod / Day Hall Privileges</u>: The offender may be restricted and confined to their assigned cell with the exception of attending work assignments, meals, medical/mental health appointments and use of restroom and shower facilities. During this time the offender will be restricted from participating in scheduled open pod / day hall times, to include the use of associated privileges (i.e. pod TV's, microwaves, telephones, etc), for up to 24 consecutive hours. Offenders assigned to a female facility will not lose telephone privileges.

    d. Disciplinary committee records may contain records of all hearings; however, not guilty findings and reversals will not be made available to the parole board, nor used against the offender in any other proceedings.

10. <u>Appeals</u>: *At the conclusion of the formal hearing, the hearing officer or board will advise the offender of their right to appeal the decision to the administrative head or designee within 15 working days after the offender receives the notice of disposition. [5-3C-4248]*

    a. The offender will have 15 working days from the day they receive the written formal disposition of charges to outline and forward to the administrative head or designee in writing, the basis for the appeal, including any newly discovered evidence. Failure to submit written notice of appeal within the deadline will constitute waiver of the offender's right to appeal.

    b. All appeals are limited to the appeal form, AR Form 150-01E, Offender Appeal Form. Additional supporting documents may be included by reference. All documents used in the disciplinary hearing process are made available to the administrative head or designee and do not need to be provided by the offender.

    c. Upon receipt of AR Form 150-01E, Offender Appeal Form, the administrative head or designee will review the case and reverse or remand the hearing officer or board's decision if they find any of the following factors:

        1) A failure to comply with the procedures set forth in this code which substantially undermines the fairness of the process.

        2) That the decision of the hearing officer or board was not supported by a preponderance of evidence.

        3) That there has come to light newly discovered substantial exculpatory or mitigating evidence since the hearing.

    d. The administrative head or designee after reviewing the offender's appeal, may modify the hearing officer or board's decision if they find that the disciplinary sanction was not proportionate to the offense. Modification may include the reduction, suspension, or probation of any part to the sanction imposed. In no case will they increase the severity of the sanctions imposed.

    e. *The appeal will be decided within 30 days of its receipt and a written decision is then promptly forwarded to the offender. [5-3C-4248]* The administrative head or designee's judgment on such appeal will be final.

    f. <u>Private Prison Monitoring Unit</u>: DOC is obligated to review all appeals of COPD convictions of offenders charged by the contractor, per C.R.S. 17-1-203. In the event a hearing officer or board determines an offender has violated provisions of the COPD, the following sequence will occur:

        1) The facility administrative head will receive and provide a decision for all offender appeal forms all COPD hearings performed by a private prison hearing officer.

        2) After administrative head signature, PPMU will review the Offender Appeal Form for appropriateness to AR 150-01, *Code of Penal Discipline* criteria.

        3) PPMU will sign, date, and stamp all copies of AR Form 150-01E, Offender Appeal Form and will have the authority to approve, disapprove, or modify the findings as appropriate.

        4) PPMU monitors will return all copies of the signed AR Form 150-01E, Offender Appeal Form to the facility administrative head.

Instead when I returned Sgt. Tucker, and Rollo, and Noland had me stripped of my job, and property and over the first week back each of them informed me that I'd "Snitched" them out to the O.I.G. and "I wasn't getting any of my shit back."

Sgt. Tucker had a duty to store my property in inmate property by protocol and regulations of CDOC. Tucker, Noland, Rollo, Ayers, Goines were all complicit in inmate property thefts, they were aware that inmates, mostly led by Harrington, and C.O. Goins, Suggs, Lt. Noland, Rollo were allowing inmates to steal property from G.P. without consequence. Lt. Noland told me. "They all steal from each other, we watch the cameras."

When I returned from hospital all of my property was stolen due to this adopted rule, policy, and custom. Each staff in above paragraph acknowledged the theft, however refused to interveine, instead Ayers, Goines, Rollo, Tucker, Suggs and Dr. Saule continued to tell inmates I was "Snitching" and further put my life into jeopardy for weeks. Each time I wrote grievances and informed O.I.G.. I lost over $650.00 worth of property.

I began having daily mental health episodes from panic, fear, anxiety, stress and the volume of threats. Dr. Saule, who is married to C.O. Suggs stated, "I'm not going to help you persecute my husband" and stated she would not be seeing me for mental health that it was a conflict of interest., "Quit begging me for mental health emergencies."

The collective BVCF LCP staff promised to make the rest of my stay "miserable" C.O. Goins continued to bring in drugs and "treats" to try to get inmates to stab me which was an open threat, even the O.I.G. knew. Each defendant named under this Complaint Claim for relief committed acts described herein that were motivated by retaliation for protected activity by plaintiff as set forth in general allegations. At this time in the litigation, evidence of retaliation is only available, as set forth in this Complaint, against those defendants named in this claim for relief. However, it is exceedingly clear plaintiff has been singled out for near constant harassment and physical abuse by each of the defendants named in the lawsuit as a whole, and each and every one of their acts described in this Complaint was an act of retaliation against plaintiff for asserting his constitutionally protected right to seek relief from the Courts. As further direct evidence of retaliation is found in Plaintiff's PREA, OIG file, which is documented, Plaintiff will Amend this Complaint to hold each Defendant accountable at law for illegal retaliation.

## Third Claim U.S.C. §1983 14th Amendment Due Process Violation deprivation of liberty or property interest:

The Conditions throughout this Complaint amount to a prison condition that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." or by the imposition of disciplinary actions that "inevitably affect the duration of his sentence." Sandin v. Conner, 515 U.S. 472, 484 (1995) The Due Process Clause provides inmates with certain procedural protections in the context of a prison disciplinary proceeding that results in the forfeiture of Good time credits. See. Wolff v. McDonnell, 418 U.S. 539, 564-66

On 8-12-23 CO Goines and Sgt. Tucker assaulted me, because I'd asked for mental health emergency. Goines attacked me while screaming about me filing a grievance and told me "You're going to seg instead." Tucker wrote a retaliatory write-up with false allegations that I was improperly found guilty of because the hearings officer would not

allow me to call witnesses or present a proper defense. I lost 30 days good time and was sent to M.C.C. Max Custody where you lose all property, freedom and are confined to a cell 23 hours a day. This was in retaliation.

The due-process requirements for a prison disciplinary hearing: "The complete denial of a prisoners opportunity to put on a defense through specifically identified witnesses who possess exculpatory evidence is an obvious procedural defect, and State and federal courts have reinstated good time credits, absent a new hearing, when it is established."

## DAMAGES

Plaintiff has been diagnosed with PTSD, CTE, TBI, VIRTIGO from numerous brain injuries and has numerous permanent scars on his body. Plaintiff suffered serious physical, cognitive and emotional and psychological scars, lost an entire year of his life to M.C.C. conditions, and in excess of $650.00 of property.

### E.   PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated?  _X_ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):   _See Original Complaint_

Docket number and court:   _____

Claims raised:   _____

Disposition: (is the case still pending? has it been dismissed?; was relief granted?)   _____

Reasons for dismissal, if dismissed:   _____

Result on appeal, if appealed:   _____


### F.   ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

   _✓_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

   _✓_ Yes ___ No (*check one*)

5

### G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

Issue an injunctive relief:

Injunctive order ordering Defendant Johnson, CDOC, Executive director Williams to expunge the disciplinary convictions described in this Complaint from plaintiffs record: this goes for Defendant: hearings officer as well. Also move plaintiff to DRDC incentives pod to reset. Also Conduct a Professional Standards investigation into the claims made in this Complaint, and into Lt. Johnsons Continued Campaign of harassment and retaliations against plaintiff that negatively effected the plaintiff for the last decade. Return 620 days of earned time Credit. Make a declaratory Judgement against Johnson Concluding that he violated the plaintiff's Civil Rights by retaliating against him.

Injunctive order against CDOC, CDOC executive director Williams declaring that the failure to Control, discipline, oversight, punish, train, Supervise Protective Custody Units and who is allowed in, and Hagan, Johnson, Duncan, Duncan (Intel) P.C. board violations of State law, and widespread violations of P.C. Contracts: who is let in, and Supervised is the cause of wilson (plaintiff's) injuries and widespread violations. Violence attribute misconduct to a CDOC, Williams, Hagans, Duncan, Johnson, Duncan Rule, policy, Custom default.

### H. PLAINTIFF'S SIGNATURE    See Attached page * (G Continued)

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

1/31/24
(Date)

(Revised November 2022)

6

Issue an injunctive ordering defendants Williams, Johnson to:

1. Immediately arrange for the plaintiff's need for physical and psychological therapy, for the plaintiff's violated, and continued violated rights under the 8th amendment to the U.S. Constitution.

2. Release the plaintiff from Max Control Custody MCO, or Ad-Seg and place him in RTP or until he can be move to DRDC. with restoration of all rights and privileges.

Award Compensatory, physical and emotional, punitive and the cost of litigation in the amount of $10,000,000 dollars.

1-31-24
Respectfully Submitted,
Terance DaJuan Wilson #117681
PO box 600
Cañon City, 81215



**Colorado Department Of Corrections**

Name _Terance Wilson_
Register Number _117681_
Unit _1b101_
Box Number _600_
City, State, Zip _Cañon City, CO 81215_

Alfred Arraj Court House
901 19th St.
Court Room A105
Denver, CO 80294