IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02555-LTB-SBP

TERANCE DEJUAN WILSON,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
DEAN WILLIAMS, Executive Director,
MENTAL HEALTH, Unknown Supervisor,
LONG, SCF Warden,
WALLACE, SCF Captain,
MARKHAM, SCF Sgt.,
WEAVER SCF Sgt.,
QUINLIN, SCF Lt.,
REED, SCF Sgt., and
NORRIS, SCF C/O,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Susan Prose, United States Magistrate Judge**

This matter comes before the Court on the third amended Prisoner Complaint (ECF No. 19) filed *pro se* by Plaintiff, Terance DeJuan Wilson, on April 18, 2024. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 23).

The court must liberally construe Mr. Wilson's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

1

Having carefully reviewed and considered the filings to date, the entire case file, and the applicable law, this court respectfully **RECOMMENDS** that the third amended Prisoner Complaint be dismissed in part and the remainder assigned to Chief District Judge Philip A. Brimmer and to Magistrate Judge Scott T. Varholak.

## BACKGROUND

Mr. Wilson is in the custody of the Colorado Department of Corrections ("CDOC") and is currently incarcerated at the Centennial Correctional Facility in Canõn City, Colorado. In the third amended Prisoner Complaint (ECF No. 19), Mr. Wilson claims that the Defendants' actions while he was incarcerated at the Sterling Correctional Facility ("SCF") violated his Eighth Amendment rights to humane conditions of confinement and that the SCF Defendants have unlawfully retaliated against him for exercising his constitutional right of access to the Courts. Mr. Wilson sues CDOC Executive Director Dean Williams in his official capacity for prospective injunctive relief. (ECF No. 19 at 3, 12). He sues Defendant Mental Health Unknown Supervisor in his individual capacity, but requests only injunctive relief. (*See id.*). The remaining individual Defendants are sued in their personal capacities for monetary relief. (*Id.* at 3-5, 12).

## ANALYSIS

Under § 1915(e)(2)(B)(iii), the Court must dismiss the third amended Prisoner Complaint, or any portion thereof, that seeks monetary relief from a defendant who is immune from such relief.

The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or

2

prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It has been interpreted to bar any action brought against a state in federal court, including suits initiated by a state's own citizens. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). Eleventh Amendment immunity extends to states and state entities deemed "arms of the state," as well as to state officials sued in their official capacities for monetary damages or declaratory relief. *See Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (holding suits against state officials sued in their official capacities should be treated as suits against the state); *Johns*, 57 F.3d at 1553 ("The Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past."). The "sole exceptions" to Eleventh Amendment immunity are "(1) when Congress has abrogated the states' immunity, as in legislation enacted to enforce the Fourteenth Amendment; and (2) when a state waives its immunity." *Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety*, 722 F.3d 1209, 1212 (10th Cir. 2013) (citations omitted). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

The Eleventh Amendment bars a claim in federal court against the CDOC, a state entity, regardless of the type of relief requested. *See Johns,* 57 F.3d at 1552 ("[T]he Eleventh Amendment bars a suit brought in federal court by the citizens of a state against the state or its agencies," and applies "whether the relief sought is legal or equitable.") (internal quotation marks

and citations omitted); *Lewis v. New Mexico Dep't of Health*, 261 F.3d 970, 975 (10th Cir. 2001) (recognizing that "citizens may not generally sue states in federal court under the Eleventh Amendment"). Therefore, it is recommended that the § 1983 claims asserted against the CDOC be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

However, Mr. Wilson's request for injunctive relief brought against CDOC Executive Director Dean Williams in his official capacity is not barred by the Eleventh Amendment. *See Verizon Maryland v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002); *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007). *See also Ex parte Young*, 209 U.S. 123, 159-60 (1908). Further, although Mr. Wilson states that he sues Defendant Mental Health Unknown Supervisor in the Defendant's individual capacity, Mr. Wilson's request for injunctive relief, but not an award of damages, is more consistent with an official capacity suit. *See Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief."). Thus, the Court liberally construes the pleading as asserting an official capacity claim against Defendant Mental Health Unknown Supervisor. The Court finds that these official capacity claims may proceed.

Finally, upon completion of review pursuant to D.C.COLO.LCivR 8.1(b), the Court finds that the § 1983 claims for money damages asserted against Defendants Long, Wallace, Markham, Weaver, Quinlin, Reed and Norris, in their individual capacities, and the § 1983 claims for prospective injunctive relief asserted against Defendant Williams and Mental Health Unknown Supervisor in their official capacities, should be assigned to Chief District Judge Philip A. Brimmer and to Magistrate Judge Scott T. Varholak pursuant to D.C.COLO.LCivR

40.1(d)(1). *See* D.C.COLO.LCivR 8.1(c).

## RECOMMENDATION

For the reasons set forth above, it is respectfully

**RECOMMENDED** that the § 1983 claims asserted against the CDOC be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) as barred by the Eleventh Amendment.[1] It is

**FURTHER RECOMMENDED** that the § 1983 claims for money damages asserted against Defendants Long, Wallace, Markham, Weaver, Quinlin, Reed and Norris, in their individual capacities, and the § 1983 claims for prospective injunctive relief asserted against Defendant Williams and Mental Health Unknown Supervisor in their official capacities, be ASSIGNED to Chief District Judge Philip A. Brimmer and to Magistrate Judge Scott T. Varholak pursuant to D.C.COLO.LCivR 40.1(d)(1). *See* D.C.COLO.LCivR 8.1(c).

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

DATED May 20, 2024.

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge