IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-02555-PAB-TPO

TERANCE DEJUAN WILSON,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
MOSES ANDRE STANCIL, Executive Director of CDOC,[1]
MENTAL HEALTH (Unknown Supervisor),
LONG, SCF Warden,
WALLACE, SCF Captain,
MARKHAM, SCF Sergeant,
WEAVER, SCF Sergeant,
QUINLAN, SCF Sergeant,
REED, SCF Sergeant, and
NORRIS, SCF Correctional Officer,

    Defendants.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 56]. The Recommendation states that objections to the

---

[1] Plaintiff Terance Wilson's third amended complaint brings claims against Dean Williams as the executive director of the Colorado Department of Corrections in his official capacity. *See* Docket No. 19 at 1. However, at the time Mr. Wilson filed his third amended complaint, Moses Stancil was serving, and continues to serve, as the executive director. Therefore, Mr. Stancil is substituted as the proper party in this case. *See McNamara v. Siegfried*, No. 23-cv-01820-GPG-KAS, 2024 WL 3950933, at *10 (D. Colo. Aug. 26, 2024) ("when a public officer resigns or ceases to hold office 'while the action is pending, the officer's successor is automatically substituted as a party'" (quoting Fed. R. Civ. P. 25(d) (alterations omitted))); *see also Soc'y of Separationists v. Pleasant Grove City*, 416 F.3d 1239, 1241 n.2 (10th Cir. 2005) (affirming the automatic substitution of two defendants with their successors in office pursuant to Fed. R. Civ. P. 25(d)).

Recommendation must be filed within fourteen days after its service on the parties. Docket No. 56 at 28 n.20; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on August 12, 2025. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[2] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 56] is **ACCEPTED**. It is further

**ORDERED** that CDOC Defendants' Partial Motion to Dismiss Wilson's Amended Complaint [Docket No. 41] is **GRANTED**. It is further

**ORDERED** that plaintiff's Eighth Amendment claim, count one, against defendants Reed and Norris is **DISMISSED without prejudice**. It is further

---

[2] This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

**ORDERED** that plaintiff's Eighth Amendment claim, count one, against defendants Stancil, Long, Wallace, Weaver, and Quinlin is **DISMISSED with prejudice**. It is further

**ORDERED** that plaintiff's First Amendment claim, count two, against defendant Long is **DISMISSED with prejudice**. It is further

**ORDERED** that plaintiff's requests for injunctive relief against defendant Stancil are **DENIED without prejudice** for lack of jurisdiction. It is further

It is further **ORDERED** that defendants Stancil, Reed, Norris, Long, Wallace, Weaver, and Quinlin are dismissed from this case.

DATED September 3, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge