IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02555-PAB-TPO

TERANCE DEJUAN WILSON,

Plaintiff,

v.

MENTAL HEALTH (Unknown Supervisor),
WALLACE, SCF Sergeant,
MARKHAM, SCF Sergeant,
WEAVER, SCF Sergeant,
QUINLAN, SCF Lieutenant,
REED, SCF Sergeant, and
NORRIS, SCF Correctional Officer,

Defendants.

---

**RECOMMENDATION**

---

**Timothy P. O'Hara, United States Magistrate Judge.**

Before the Court are three Motions: 1) Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (ECF 19) Against Defendant Markham [ECF 70], 2) Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (ECF 19) Against Defendant Unknown Supervisor Mental Health [ECF 71], and 3) Plaintiff's Request to Dismiss Defendant Without Prejudice [ECF 85]. U.S. District Judge Philip A. Brimmer referred all three Motions to this Court. ECFs 72 and 87.

The Court has considered the briefing on all three Motions, the entire case file, and the applicable case law in issuing this Recommendation. The Court finds that oral argument will not materially assist in making its decision. Based upon the record herein, the Court respectfully

recommends the Defendants' Motions [ECFs 70 and 71] be **denied** and Plaintiff's Motion [ECF 85] be **granted**.

## FACTUAL BACKGROUND

As part of its prior Recommendation, this Court outlined the relevant facts from Plaintiff's Third Amended Complaint (TAC). *See* ECF 56 at 2-5. The Court incorporates those facts here by reference.

## PROCEDURAL BACKGROUND

On September 29, 2023, Plaintiff filed the original Complaint. ECF 1. Then on April 18, 2024, Plaintiff filed his Third Amended Complaint (TAC), the operative complaint, bringing claims against ten Defendants. ECF 19. On June 13, 2024, U.S. District Judge Lewis T. Babcock dismissed Plaintiff's claims against the Colorado Department of Corrections (CDOC), leaving Plaintiff's TAC to allege constitutional violations against nine Defendants: Long, Wallace, Markham, Weaver, Quinlan, Reed, Norris, Williams (who later became Defendant Stancil), and Mental Health (Unknown Supervisor). ECF 25.

On August 23, 2024, six Defendants filed their Waiver of Service of Summons.[1] *See* ECF 31 (reflecting waiver by Defendants Long, Weaver, Reed, Wallace, Quinlan, and Norris). On September 24, 2024, Defendant Stancil also waived service, bringing the total to seven.[2] ECF 34. On January 13, 2025, current defense counsel entered appearances on behalf of Defendants Stancil,

---

[1] At the bottom of the form, a Representative from the CDOC Office of Legal Services Representative noted that "Brendon Markham is no longer a DOC employee." ECF 31. She also provided a last-known address. ECF 32.

[2] Judge Brimmer later accepted this Court's Recommendation and dismissed Defendant Stancil and Defendant Long from the case. ECF 61 at 3.

Long, Wallace, Weaver, Quinlan, Reed, and Norris. ECFs 46-48. That left two Defendants unserved and unrepresented: Defendants Markham and Mental Health (Unknown Supervisor).

On August 14, 2025, since Plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915, *see* ECF 4, this Court issued a Minute Order requiring service by the U.S. Marshals on Defendant Markham, first by attempting to procure a waiver and then by serving him at his last known address (as listed at ECF 32). *See* ECF 58. After multiple attempts, on September 12, 2025, the U.S. Marshals informed the Court that they were unable to serve Defendant Markham.[3] ECF 63.

On December 9, 2025, at a Status Conference, the Court discussed with the Parties that the two Defendants remain unserved. ECF 66. On April 7, 2026, and June 2, 2026, the Court again addressed the issue with the Parties. ECFs 78 and 82.

On January 9, 2026, counsel on behalf of Defendants Norris, Quinlan, Reed, Wallace, and Weaver filed two Motions to Dismiss, seeking dismissal of all claims against Defendant Markham and Defendant Mental Health (Unknown Supervisor). *See* ECFs 70 and 71. At two different Status Conferences, Plaintiff confirmed that his intent was to dismiss Defendant Mental Health (Unknown Supervisor) from the case. *See* ECFs 78 and 82. Plaintiff then formalized his intent by filing his Request to Dismiss Defendant without Prejudice [ECF 85], specifically requesting to dismiss Defendant Mental Health (Unknown Supervisor).

[3] The Deputy U.S. Marshal attempting service was informed that Defendant Markham did not live at the address provided. ECF 63.

## LEGAL STANDARDS

### I. Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "'Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on the plaintiff's behalf.'" *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). The Tenth Circuit has interpreted this rule to mean that if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

### II. Fed. R. Civ. P. 4

Fed. R. Civ. P. 4(m) requires a litigant to serve a defendant within 90 days after the complaint is filed. If a defendant is not served within that period, the court must dismiss the action without prejudice or order that service be made "within a specified time." *Id.* If a plaintiff demonstrates "good cause for the failure," the court must extend the time for service "for an appropriate period." *Id.* Even if a plaintiff fails to show good cause, however, the court "must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service."

*Murphy v. City of Tulsa*, 556 Fed. App'x 664, 668-69 (10th Cir. 2014) (unpublished) (citing *Espinoza v. U.S.*, 52 F.3d 838, 841 (1995)). In analyzing the "permissive extension," the court should consider certain factors, including: 1) whether the refiled action would be barred by the statute of limitations, 2) whether the plaintiff is proceeding pro se,[4] 3) the possibility of prejudice to defendants, and 4) whether the case involves the complex requirements of service under Fed. R. Civ. P. 4(i). *Vasquez v. Jones*, 2023 WL 5934395, at *5 (D.N.M. Sept. 12, 2023) (citing *Sullivan v. Univ. of Kan. Hosp. Auth.*, 844 F. App'x 43, 53 (10th Cir. 2021) (unpublished)).

**III. Fed. R. Civ. P. 12(b)(5)**

Fed. R. Civ. P. 12(b)(5), along with Fed. R. Civ. P. 12(b)(4), enables defendants "to defend against a claim on the grounds of insufficiency of process and insufficiency of service of process." *Whitsell v. U.S.*, 198 F.3d 260 (Table), No. 99-5114, 1999 WL 987355, at *1 (10th Cir. Nov. 1, 1999) (citations omitted)). "A Rule 12(b)(5) motion contests 'the mode of delivery or the lack of delivery of the summons and complaint.'" *Gallegos*, 2022 WL 3226372, at *2 (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004)). In response to a Rule 12(b)(5) motion, the plaintiff "bears the burden of making a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant." *Metcalf v. Stapp*, No. 24-cv-03067-GPG-KAS, 2025 WL 2304782, at *3 (D. Colo. Aug. 11, 2025) (internal quotations omitted) (quoting *Sarnella v. Kuhns*, No. 17-cv-02126-WYD-STV, 2018 WL 1444210, at *1 (D. Colo. Mar. 23, 2018))

[4] Pro se litigants are subject to the requirements of Fed. R. Civ. P. 4(m), *Murphy*, 556 Fed. App'x at 667 (citation omitted), however, they "are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings," *Gallegos v. New Mexico*, No. 21-345 JB/GBW, 2022 WL 3226372, at *2 (D.N.M. Aug. 10, 2022) (citations omitted). "Therefore, courts should at least supply minimal notice of the consequences of not complying with procedural rules to pro se litigants." *Id.* (citation omitted) (cleaned up).

**IV. Fed. R. Civ. P. 41(a)**

A plaintiff may voluntarily dismiss an action without a court order "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). As long as plaintiff dismisses all claims against a party, a plaintiff's notice of voluntary dismissal is self-effectuating. *See Gobbo Farms & Orchards v Poole Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996) (noting Rule 41(a) does not provide for "dismissal of less than all claims in an action."). "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B).

## ANALYSIS

*Defendants' Motions to Dismiss [ECFs 70 and 71]*

The Court first analyzes Defendants' Motions to Dismiss, brought under Fed. R. Civ. P. 12(b)(5). ECFs 70 and 71. Defense counsel bring the Motions on behalf of Defendants Markham and Mental Health (Unknown Supervisor), individuals they do not represent. *See* ECFs 46, 47, and 48 (Notices of Appearance on behalf of Defendants Stancil, Long, Wallace, Weaver, Quinlan, Reed, and Norris). Because these individuals have not been served, they are not currently parties to this matter. *See Adams v. C3 Pipleline Const. Inc.*, 30 F.4th 943, 957 (10th Cir. 2021) (citing *Bristol v. Fibreboard Corp*., 789 F.2d 846, 847 (10th Cir. 1986) (noting "unserved defendants were never made parties to this lawsuit"). Rule 12(b) permits "a *party*" to assert certain defenses by motion rather than pleading. Fed. R. Civ. P. 12(b). To the extent that Defendants' motion seeks dismissal of *non-parties*, who are not represented by Defendants' counsel, they lack standing to do so. *See Shultz v. Nomac Drilling, L.L.C.*, No. CIV-17-169-R, 2017 WL 2958621, at *2 (W.D. Okla. July 11, 2017) (finding plaintiff lacked standing to dismiss third party claims brought by defendant against a third party). As a result, both Motions should be denied.

*Plaintiff's Request to Dismiss [ECF 85]*

Next, the Court analyzes Plaintiff's Request to Dismiss Defendants without Prejudice [ECF 85]. The Court construes this as a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), seeking dismissal without prejudice of all claims against Defendant Mental Health (Unknown Supervisor). Because this defendant has not yet been identified or served, no responsive pleading or motion for summary judgment has been filed, and Plaintiff may dismiss this unidentified party without the need of a Court Order. *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (acknowledging plaintiff's "absolute right to dismiss without prejudice" under Rule 41(a)(1)). Accordingly, the claims against Defendant Mental Health (Unknown Supervisor) were dismissed without prejudice as of Plaintiff's filing the Notice/Request.[5]

*Going Forward*

Finally, although the Court recommends the denial of Defendants' Motions to Dismiss, Defendants' point is well taken as to Defendant Markham. This lawsuit began nearly three years ago, with Plaintiff adding Defendant Markham in April of 2024. ECF 19. Although Plaintiff is pro se and incarcerated, and this Court is required to serve process for him, *see* 28 U.S.C. § 1915(d), ultimately, Plaintiff still has an obligation to timely serve all Defendants. *See Goodwin v. Hatch*, No. 16-cv-00751-CMA-KLM, 2018 WL 4368888, at *1 (D. Colo. July 9, 2018) (citing *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994); *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996)). And it is Plaintiff's duty to find a defendant and to provide the correct address to the Court to serve

[5] The Court notes that counsel for Defendants requests that the dismissal be with prejudice, *see* ECF 88, based on their arguments submitted in their Motion to Dismiss [ECF 71]. No court order is necessary to dismiss this unknown individual under Fed. R. Civ. P. 41(a)(1), so there is no basis to dismiss these claims with prejudice.

a defendant, even if Plaintiff is in prison. *See Franklin v. Anaya*, No. 19-cv-899-KWR-GBW, 2024 WL 5244865, at *3 (D.N.M. Dec. 30, 2024) (citing *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007)). Thus far, he has not done so.

As a result, this Court recommends that the district court issue an Order to Show Cause to Plaintiff requesting that he provide an alternative address to the Court for Defendant Markham, and if he cannot do so, to answer as to why Defendant Markham should not be dismissed for a failure to prosecute.

**CONCLUSION**[6]

For the reasons set forth above, the Court respectfully **RECOMMENDS** that:

1) Defendants' Motions to Dismiss [ECFs 70 and 71] be **DENIED**; and

2) The district court issue an Order to Show Cause requiring Plaintiff within 30 days to provide an alternative address for service for Defendant Markham and, if one cannot be provided, an explanation within that same time as to why the case against Defendant Markham should not be dismissed.

In light of Plaintiff's Request to Dismiss without Prejudice [ECF 85], which the Court construes as a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A), all of

[6] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections to obtain reconsideration by the District Judge to whom this case is assigned. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* review by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)); *see also Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling); *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Plaintiff's claims against Defendant Mental Health (Unknown Name) were **dismissed without prejudice**. The Clerk of Court is directed to update the case caption accordingly.

DATED at Denver, Colorado, this 19th day of August, 2026.

BY THE COURT:

Timothy P. O'Hara
U.S. Magistrate Judge